UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3172-BO

| | |
|---|---|
| ANSEL P. STREET, )  | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MRS. HARRISON, et al., ) | |
| Defendants. ) | |

On September 27, 2010, plaintiff, a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims unconstitutional religious infringement and retaliation therefrom. Plaintiff names Jeanette Harrison, Chaplain Randall Speer, Chaplain Robert Montgomery, Warden Gerald Branker, and Lieutenant Patricia Sessoms as defendants. Now before the court is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, and the matter is ripe for determination.[1]

ISSUES

Plaintiff claims that he: (1) was denied the opportunity to participate in Ramadan beginning on August 5, 2010, based on "false information from the Chaplain's office" provided to "Lt. Sessions;" (2) had his "mail and religious items" improperly held by the mail room

---

[1] Plaintiff's motions filed on August 30, 3011, and on September 9, 2011, have both been fully reviewed and considered by the court. While they are captioned motions to amend, they are the responses to the motion to dismiss and shall be so construed. Haines v. Kerner, 404 U.S. 519, 520, (1972) (pro se litigants are entitled to liberal construction of their pleadings); Armstrong v. Capshaw, Goss & Bowers, LLP, 404 F.3d 933, 936 (5th Cir. 2005) (district courts are to determine the true nature of a pleading by its substance, not its label); see also Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir.1996) (en banc) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label'") (quotation omitted).

supervisor as a result of "retaliation;" and (3) believed that "prison staff officials acted in a way that endorsed, supported or affiliated themselves in some way with a religion." (D.E. #1, Compl., Part IV).

## STATEMENT OF THE FACTS

Plaintiff contends that he "filled out [the] form correctly a participation form when I stated my religion of record is [Nation of Islam] which is Islam to be exact." (Id., Compl., Part IV). Plaintiff states he filed a grievance in which the warden found "the appropriate action has been taken by staff to clarify/resolve the issues." Id. Plaintiff then alleges that, following the grievance response from the warden, he filled out another grievance resulting in the same outcome. Id. Plaintiff also alleges that "they had Lt. Sessions (sic) to use false info from the Chaplain office that stopped [him] from doing ramadan." Id. Plaintiff states he was "turned down" for the opportunity to "participate in Ramadan." Id. Lastly, plaintiff contends that he had "been trying to write legal service in which mail room supervisor etc. are holding my mail and my religious items." Id.

## DISCUSSION

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per

2

curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Likewise, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. In analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

First, while the complaint makes occasional reference to "the Chaplain's office" it does not make specific reference to defendant Speer or defendant Montgomery, nor does it allege an act or omission that would permit a finding of liability against either of those defendants. In addition, the only allegation against defendant Branker, Warden of Central Prison, concerns the warden's response to plaintiff's administrative grievance which concluded that plaintiff's internal complaints had been appropriately resolved by staff. Compl., Part IV. The complaint does not allege that defendant Branker interfered with, or otherwise retaliated against plaintiff as a result of his effort to observe Ramadan in 2010 and practice his religion.

Furthermore, plaintiff simply alleges that unspecified individuals had Lieutenant Sessoms use false information to "stop[] [him] from doing ramadan." Again, no knowledge on the part of defendant Sessoms is alleged that would establish her knowing participation or involvement in the alleged interference with plaintiff's exercise of religion. As for defendant Harrison, he alleges that the "mail room supervisor etc. are holding my mail and my religious items," but

3

provides no further fact that explain what items have been withheld, when they were withheld, why they were withheld, or how their being withheld has infringed upon his practice of religion. Plaintiff was notified of the motion to dismiss and has filed two responses, yet each response is devoid of one single additional fact.

Viewing the complaint as true and construing it in a light most favorable to plaintiff, no claim for relief has been articulated against defendants Speer, Montgomery, Branker, Sessoms and Harrison. Plaintiff's complaint is full of bare assertions of constitutional injury with no factual enhancement. Thus, based on the standard in Iqbal and Twombly, plaintiff cannot withstand a motion to dismiss.

Furthermore, the court considers liability in a supervisory capacity. Liability under Section 1983 must be based on more than merely the right to control employees. Polk Co. v. Dodson, 454 U.S. 312, 325–26 (1981); Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). Section 1983 liability cannot be premised on mere allegations of respondeat superior. Monell, 436 U.S. at 691; Polk, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. See e.g. Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir.1989), cert. denied, 495 U.S. 932 (1990); Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir.), cert. denied, 459 U.S. 833 (1982). See also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied 469 U.S. 845(1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. See e.g. Leach, 891 F.2d

4

at 1246; Hayes v. Vessey, 777 F.2d 1149, 1154 (6th Cir.1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. Leach, 891 F.2d at 1246. At a minimum, the official must have knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. See e.g. Gibson v. Foltz, 963 F.2d 851, 854 (6th Cir.1992). Additionally, plaintiff must show that defendant had some duty or authority to act. See, e.g., Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989) (lower level official not liable for shortcomings of building); Ghandi v. Police Dept. of City of Detroit, 747 F.2d 338, 351 (6th Cir.1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act). Again, supervisory liability claims cannot be based on simple negligence. Leach, 891 F.2d at 1246; Weaver v. Toombs, 756 F.Supp. 335, 337 (W.D. Mich.1989), aff'd 915 F.2d 1574 (6th Cir.1990).

Thus, if plaintiff is attempting to allege supervisory liability this argument fails. Plaintiff fails to allege that any of defendants knew of pervasive, widespread abuses by a subordinate such that any subsequent inaction demonstrated conduct that threatened to constitutionally injure plaintiff. Likewise, plaintiff fails to allege or identify any causal link between some purported supervisory inaction and the infringement of his rights to practice his religion.

What plaintiff alleges is that in 2010, his request to participate in Ramadan was denied based on the forms he submitted and the information contained therein. He then filed an internal grievance to which defendant Branker (warden) responded, was considered appropriately handled

5

by Central Prison staff. Lastly, he states that defendant Harrison withheld unspecified "religious items" mailed to plaintiff. Again, these allegations fail to support a finding of supervisory liability on the part of any of the defendants. And again, plaintiff was notified of the pending motion to dismiss, and given an opportunity to respond. He did so twice, yet failed to provide the court with one additional factual allegation.

Accordingly, defendants' motion to dismiss is ALLOWED (D.E. # 17) and the case is DISMISSED. Furthermore, as discussed in Footnote 1, the motion to amend (D.E. # 20) is construed more appropriately as the response to the pending motion. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this the 13 day of January 2012.

TERRENCE W. BOYLE
United States District Judge